IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 2 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | | |
|---|---|---|
| ROBERT E. ORR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-396-A |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a WAL-MART STORES TEXAS | § | |
| 2007, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action be remanded to the state court from which it was removed.

I.

Background

This action was filed in the 415th District Court of Tarrant County, Texas, in case No. CV-11-0643 on May 13, 2011, by plaintiff, Robert E. Orr, against defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC and d/b/a Wal-Mart ("Wal-Mart"). Wal-Mart removed the case to this court on June 13, 2011, and filed its amended notice of removal on June

27, 2011.[1] Plaintiff filed his first amended complaint on January 23, 2012, naming as additional defendants Emmett Rogers ("Rogers"), Lubbock Inspection Service ("Lubbock Inspection"), Walkcon, LTD, and Capitol Custom Tile. This first amended complaint alleged negligence claims and a claim for a violation of the Americans with Disabilities Act ("ADA") against defendants for conduct relating to plaintiff's fall at Wal-Mart. On March 19, 2012, plaintiff filed his second amended complaint ("the Complaint") against the same defendants; this Complaint again alleged negligence claims but now omitted the federal claim under the ADA.

The Complaint, however, does not contain any statement alleging the basis of the court's jurisdiction over this action. Plaintiff does not allege there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), nor does plaintiff allege federal question jurisdiction pursuant to 28 U.S.C. § 1331. Additionally, defendants have, pursuant to the court's order of March 20, 2012, submitted documents stating their belief that there is no longer any basis for the court's exercise of subject matter jurisdiction over this case, and that this action should

---

[1] This amended notice of removal included "'summary judgment type evidence'" of facts in controversy that support[ed] a finding of the requisite amount" in controversy. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

2

be remanded to the state court from which it was removed.

## II.

## Analysis

The issue the court has raised <u>sua sponte</u> is whether full diversity of citizenship exists or whether a federal question is raised for the court to exercise subject matter jurisdiction over the action. See <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 919 (5th Cir. 2001). The court begins by noting that "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). Pleadings to establish diversity jurisdiction must set forth with specificity the citizenship of the parties. <u>See, e.g.</u>, <u>McGovern v. American Airlines, Inc.</u>, 511 F.2d 653, 654 (5th Cir. 1975). "Complete diversity of citizenship requires that all persons on one side of the controversy be citizens of different states than all person on the other side." <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008).

For the purposes of diversity jurisdiction, the citizenship of a limited liability company such as Walkon, LTD is determined by the citizenship of all of its members, <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1080 (5th Cir. 2008), and the citizenship of natural persons such as plaintiff and Rogers are

3

determined by the state in which they are domiciled, <u>Acridge v. Evangelical Lutheran Good Samaritan Soc'y</u>, 334 F.3d 444, 448 (5th Cir. 2003). Because domicile is a combination of both a person's residence and his intent to remain there permanently, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state." <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir. 1971).

The limited information in the Complaint filed on March 19, 2012, fails to satisfy plaintiff's burden to establish complete diversity of citizenship or, alternatively, to allege a federal claim. Under section I of the Complaint, titled "Parties and Discovery," plaintiff alleges that plaintiff "is a resident of Palo Pinto County, Texas," Wal-mart "is a Delaware corporation authorized and doing business in Texas," Rogers "is the owner of Lubbock Inspection Service and is doing business in Texas," Lubbock Inspection is "an inspection service and is doing business in Texas," Capitol Custom Tile "is a tile company and is doing business in Texas," and Walkcon, LTD "is a Texas limited company and doing business in Texas." Compl. at 1-2 (capitalization in original changed).

The Complaint therefore fails to identify the members or provide the state of citizenship for each of the members of Walkcon, LTD. Furthermore, the Complaint fails to provide the

4

state of citizenship for plaintiff or the remaining defendants Rogers, Lubbock Inspection, and Capitol Custom Title. And finally, the court can discern no statement in the Complaint to indicate that a federal cause of action is being alleged.[2]

Thus, the court concludes that plaintiff has failed to satisfy his burden to show that there is full diversity of citizenship among the parties or that there is any federal question raised. Accordingly, the court lacks subject matter jurisdiction over the action and is remanding it to the state court from which it was removed.

### III.

### Conclusion

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED April 2, 2012.

/s/ John McBryde
JOHN McBRYDE
United States District Judge

---

[2] Plaintiff expressly states that he "is unaware of this time to plead to support [j]urisdiction in Federal Court based on diversity and is unaware of federal question jurisdiction." Compl. at 2.

5